IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

No. 06-68T
The Honorable Eric G. Bruggink

HALLIBURTON COMPANY

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

FIRST AMENDED COMPLAINT

---

Halliburton Company (EIN 75-2677995), for its own account and as successor in interest to Dresser Industries, Inc. (EIN 75-0813641), plaintiff, brings this First Amended Complaint against the United States of America, defendant, and alleges as follows:

1. This is an action under the internal revenue laws of the United States for the payment of additional allowable interest (payable under Sections 6611 and 6621 of the Internal Revenue Code of 1986, as amended (the "Code")) with respect to overpayments of income tax for the 1990 and 1991 calendar Tax Years (“1990” and “1991”) of plaintiff’s subsidiary Halliburton Energy Services, Inc. (EIN 73-0271280) (“Halliburton” and/or the “Company”), along with interest on such interest. Prior to a restructuring that took place on December 13, 1996, Halliburton Energy Services, Inc. traded as Halliburton Company and Subsidiaries, and was referenced by the same Employer Identification Number (EIN 73-0271280).

2. Jurisdiction is conferred upon this Court by Title 28, United States Code, Sections 1491.

3. Plaintiff is a corporation organized and existing under the laws of the State of Delaware. Plaintiff currently has its principal place of business at 5 Houston Center, 1401 McKinney, Suite 2400, Houston, Texas.

4. The Defendant is the United States of America.

**COUNT I – ALLOWABLE INTEREST - 1990**

5. On information and belief, on or about September 15, 1991, Halliburton timely filed a federal corporate income tax return (Form 1120) for 1990 with the Internal Revenue Service (the "Service") at Austin, Texas. The name, address and identification number of the taxpayer appearing on the return for 1990 are as follows:

Halliburton Company and Subsidiaries
3600 Lincoln Plaza, 500 N. Akard
Dallas, TX
Taxpayer Identification Number 73-0271280

6. After a number of previous audits and adjustments, on or about April 3, 2000 (cycle 200012), the Service posted an abatement of tax ($703,539.00) to Halliburton’s 1990 Tax Year federal income tax account (the “1990 account”). The abatement resulted from a general adjustment reduction in tax, a further reduction in tax due to the allowance of a carryback from the Company’s 1992 Tax Year federal income tax account (the “1992 account”) and the partial recapture of a carryback from the Company’s 1993 Tax Year federal income tax account (the “1993 account”). As a result of the aforementioned net abatement of tax, it appears that an overpayment existed in Halliburton’s 1990 Tax Year account as of March 15, 1991.

7. On or about February 14, 2000 (cycle 200011), allowable interest (in the amount of $8,953,944.57) posted to the 1990 account. In that same cycle, the Service issued a refund in the amount of $15,152,810.16, inclusive of the aforementioned allowable interest.

8. On information and belief, the amount of allowable interest referenced in Paragraph 7 was not computed correctly under Sections 6611 and 6621 of the Code. In calculating allowable interest on the amount refunded from the 1990 account, the Service: (i) failed to allocate properly the foreign tax credits realized by the Company; (ii) improperly suspended the accrual of interest in the account; and (iii), as set forth in Count III below, did not increase the rate of allowable interest payable during periods of overlapping overpayments and underpayments.

9. As a result of the errors referred to in paragraph 8, plaintiff is entitled to a payment of allowable interest in the amount of $2,362,941.23, including allowable interest through September 30, 2006, plus allowable interest thereon, as provided by law, until paid.

10. On information and belief, plaintiff has received partial payment on the amount set forth in paragraph 9.

**COUNT II – ALLOWABLE INTEREST – 1991**

11. Plaintiff reincorporates and re-alleges the allegations of paragraphs 1 – 10 above.

12. On information and belief, on or about September 15, 1992, Halliburton timely filed a federal corporate income tax return (Form 1120) for 1991 with the Service at Austin, Texas. The name, address and identification number of the taxpayer appearing on the return for 1991 are as follows:

Halliburton Company and Subsidiaries
3600 Lincoln Plaza, 500 N. Akard
Dallas, TX
Taxpayer Identification Number 73-0271280

13. After a number of previous audits and adjustments, on or about March 6, 2000 (cycle 200008), the Service posted an abatement of tax ($12,545,905.00) to Halliburton's 1991 federal income tax account (the "1991 account"). The abatement resulted from a general adjustment reduction in tax and a further reduction in tax due to the allowance of a carryback from the Company's 1993 account. As a result of the aforementioned net abatement of tax, it appears that an overpayment existed in Halliburton's 1991 Tax Year account as of March 15, 1992.

14. On or about January 27, 2000 (cycle 200007), allowable interest (in the amount of $11,624,357.00) posted to the 1991 account. In that same cycle, the Service issued a refund in the amount of $15,152,810.16, inclusive of the aforementioned allowable interest.

15. On information and belief, the amount of allowable interest referenced in Paragraph 13 was not computed correctly under Sections 6611 and 6621 of the Code. In calculating allowable interest on the amount refunded from the 1991 account, the Service (i) failed to allocate properly the foreign tax credits realized by the Company, (ii) improperly suspended the accrual of interest in the account, and, (iii), as set forth in Count III below, did not increase the rate of allowable interest payable during periods of overlapping overpayments and underpayments.

16. As a result of the errors referred to in paragraph 14, plaintiff is entitled to a payment of allowable interest in the amount of $569,561.24, including allowable interest through September 30, 2006, plus allowable interest thereon, as provided by law, until paid.

17. On information and belief, plaintiff has received partial payment on the amount set forth in paragraph 16.

**COUNT III**

18. Plaintiff reincorporates and re-alleges the allegations of paragraphs 1-17 above.

19. On information and belief, on or about September 29, 1998, plaintiff acquired Dresser Industries, Inc. ("Dresser"). On information and belief, Dresser has been a wholly-owned subsidiary of plaintiff since the date of its acquisition.

20. On information and belief, on or about July 15, 1993, Dresser timely filed a federal corporate income tax return (Form 1120) for the 1992/10 Fiscal Tax Year with the Service at Austin, Texas. The name, address and identification number of the taxpayer appearing on the return for 1992/10 are as follows:

Dresser Industries, Inc. and Consolidated Subsidiaries
P.O. Box 718, Tax Department
Dallas, Texas 75221-0718
Taxpayer Identification Number 75-0813641

21. On information and belief, on or about July 15, 1998, Dresser timely filed a federal corporate income tax return (Form 1120) for the 1997/10 Fiscal Tax Year with the Service at Austin, Texas. The name, address and identification number of the taxpayer appearing on the return for 1997/10 are as follows:

Dresser Industries, Inc. and Consolidated Subsidiaries
P.O. Box 718, Tax Department
Dallas, Texas 75221-0718
Taxpayer Identification Number 75-0813641

22. On information and belief, on or about July 14, 1999, Dresser timely filed a federal corporate income tax return (Form 1120) for the 1998/09 Fiscal Tax Year with the Service at Austin, Texas. The name, address and identification number of the taxpayer appearing on the return for 1998/09 are as follows:

Dresser Industries, Inc. and Consolidated Subsidiaries
P.O. Box 718, Tax Department
Dallas, Texas 75221-0718
Taxpayer Identification Number 75-0813641

23. With respect to its tax years ended October 31, 1992, October 31, 1997, and September 30, 1998, deficiencies in tax were assessed against Dresser in the following amounts on the following dates:

| Tax Year | Date of Assessment | Amount of Assessment |
|---|---|---|
| 1992/10 | December 4, 2000 | $12,302,824 |
| 1997/10 | September 14, 2004 | $10,384,776 |
| 1998/09 | September 14, 2004 | $ 1,222,209 |

24. On information and belief, on or about April 30, 2002, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending March 31, 2002 (2002/03) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2002/03 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

25. On information and belief, on or about July 31, 2002, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending June 30, 2002 (2002/06) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2002/06 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

26. On information and belief, on or about June 19, 2003, Halliburton filed a federal excise tax return (Form 720) for the tax period ending September 30, 2002 (2002/09) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2002/09 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

27. On information and belief, on or about January 31, 2003, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending December 31, 2002 (2002/12) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2002/12 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

28. On information and belief, on or about July 31, 2003, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending June 30, 2003 (2003/06) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2003/06 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

29. On information and belief, on or about October 31, 2003, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending September 30, 2003 (2003/09) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2003/09 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

30. On information and belief, on or about January 31, 2004, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending December 31, 2003 (2003/12) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2003/12 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

31. On information and belief, on or about April 30, 2004, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending March 31, 2004 (2004/03) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2004/03 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

32. On information and belief, on or about January 31, 2005, Halliburton timely filed a federal excise tax return (Form 720) for the tax period ending December 31, 2004 (2004/12) with the Service at Cincinnati, Ohio. The name, address and identification number of the taxpayer appearing on the return for 2004/12 are as follows:

Halliburton Energy Services Inc.
P.O. Box 42806
Houston, Texas 77242-2806
Taxpayer Identification Number 73-0271280

33. With respect to its excise tax periods ending March 30, 2002, June, 30, 2002, September 30, 2002, December 31, 2002, June 30, 2003, September 30, 2003, December 31, 2003, March 30, 2004, and December 31, 2004, deficiencies in tax were assessed against Dresser in the following amounts on the following dates:

| Tax Period | Date of Assessment | Amount of Assessment |
|---|---|---|
| 2002/03 | September 08, 2004 | $446,326.00 |
| 2002/06 | September 08, 2004 | $172,153.00 |
| 2002/09 | September 08, 2004 | $240,105.00 |
| 2002/12 | September 08, 2004 | $140,007.00 |
| 2003/06 | May 01, 2006 | $239,958.29 |
| 2003/09 | May 01, 2006 | $706,758.06 |
| 2003/12 | May 01, 2006 | $584,249.88 |
| 2004/03 | May 01, 2006 | $381,606.98 |
| 2004/12 | May 01, 2006 | $529,644.74 |

34. Pursuant to the provisions of Section 6621(d) of the Code, plaintiff is entitled to a net interest rate of zero for the periods during which interest was payable on the amounts set forth in paragraphs 23 and 33 above and allowable on the amounts set forth in paragraphs 6 and 13 above.

35. As a result of the application of Section 6621(d) of the Code as set forth in paragraph 34 above, plaintiff is entitled to additional allowable interest in the following amounts for the following years:

| Tax Year | Amount |
|---|---|
| 1990 | $2,362,941.23 |
| 1991 | $ 569,561.24 |

including allowable interest through September 30, 2006, plus additional allowable interest thereon until paid.

36. On information and belief, plaintiff has received partial payments on the amounts set forth in paragraph 35.

WHEREFORE, plaintiff prays that judgment be entered in its favor and against the Defendant, United States of America:

(1) in the amount of at least $2,362,941.23 (less any amount received in partial payment), together with interest as provided by law for the year 1990.

(2) in the amount of at least $569,561.24 (less any amount received in partial payment), together with interest as provided by law for the year 1991; and

(3) for the attorneys' fees, costs and disbursements of this action; and such other and further relief as this Court deems just and proper.

Dated this 11th day of August, 2006.

s/Joseph M. Persinger
Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
jpersinger@milbank.com
(212) 530-5072
(212) 822-5072 (fax)

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 11th day of August 2006, been made on defendant's counsel by electronically filing the same with the Court. Should the Court be unable to electronically transmit a copy of the foregoing to the defendant's counsel, plaintiff respectfully requests the Clerk of the Court to mail a copy of the foregoing document to the following address:

W.C. Rapp, Esquire
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

s/Joseph M. Persinger
Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
jpersinger@milbank.com
(212) 530-5000

August 11, 2006