**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HALLIBURTON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-68 T** |
| **v.** | ) | **The Honorable Eric G. Bruggink** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, the United States, respectfully moves the Court for an enlargement of time of 60 days, from August 24, 2006, to and including October 23, 2006, within which to answer or otherwise respond to the First Amended Complaint in the above-captioned case. This is the first enlargement requested for this purpose. Three enlargements of time, totaling 150 days, have previously been granted for the purpose of responding to the Complaint as originally filed.

As good cause therefor, defendant states as follows:

In the complaint as originally filed, plaintiff sought additional overpayment interest with respect to alleged overpayments of federal corporate income tax for Halliburton's tax years 1990 and 1991. The First Amended Complaint, filed August 11, 2006, seeks a greater amount of additional overpayment interest for the years, tax and entity raised in the original complaint. In addition, the new allegations in the first amended complaint make interest claims relating, in part, to federal excise tax returns allegedly filed by the taxpayer for the periods ending March 31,

2002 through December 31, 2002, June 30, 2003, September 30, 2003 and December 31, 2003, March 30, 2004 and December 31, 2004. Further, the new allegations in the first amended complaint address the taxpayer's alleged acquisition of Dresser Industries Inc., in September, 1998, and federal income tax matters for that taxpayer for the fiscal tax years ending October, 1992, October, 1997 and September, 1998. Thus, the first amended complaint modifies the claim originally made by plaintiff, and adds interest claims arising from additional taxes and periods, alleged to have been paid by a different taxpayer.

On the day the amended complaint was filed, defendant's attorneys forwarded a copy to the Office of Chief Counsel, Internal Revenue Service, along with a request to assemble the relevant files, and to prepare a written recommendation respecting the legal position that the Government should adopt with respect to the new matters raised in the amended complaint. In the short time that has passed since then, the Chief Counsel's attorneys responsible for this case have not received the relevant files, and will not receive them in time to accomplish timely filing of a response to the Complaint. Without the relevant administrative files, and the legal recommendation of the Chief Counsel, it is impossible to draft a meaningful response to the complaint.

The additional period requested herein is therefore necessary for the Chief Counsel's attorneys to receive and review the relevant files, to prepare their advice respecting plaintiff's new allegations, and for defendant's attorneys to receive and review that information, and to draft a response to the Complaint.

We are authorized to state that counsel for plaintiff has no objection to this motion.

WHEREFORE, defendant prays its motion be granted.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

August 23, 2006

s/ David Gustafson

Of Counsel