**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HALLIBURTON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-68 T** |
| **v.** | ) | **The Honorable Eric G. Bruggink** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR ENLARGEMENT OF TIME

Defendant, the United States, respectfully moves the Court for an enlargement of time of 90 days, from February 5, 2007, to and including May 6, 2007, within which to answer or otherwise respond to the First Amended Complaint in the above-captioned case. This is the fourth enlargement requested for this purpose, the first three having been allowed for a period of 165 days. Three enlargements of time, totaling 150 days, were previously granted for the purpose of responding to the Complaint as originally filed.

As good cause therefor, defendant restates its explanation included on our August 23 motion:

> In the complaint as originally filed, plaintiff sought additional overpayment interest with respect to alleged overpayments of federal corporate income tax for Halliburton's tax years 1990 and 1991. The First Amended Complaint, filed August 11, 2006, seeks a greater amount of additional overpayment interest for the years, tax and entity raised in the original complaint. In addition, the new allegations in the first amended complaint make interest claims relating, in part, to federal excise tax returns allegedly filed by the taxpayer

> for the periods ending March 31, 2002 through December 31, 2002, June 30, 2003, September 30, 2003 and December 31, 2003, March 30, 2004 and December 31, 2004. Further, the new allegations in the first amended complaint address the taxpayer's alleged acquisition of Dresser Industries Inc., in September, 1998, and federal income tax matters for that taxpayer for the fiscal tax years ending October, 1992, October, 1997 and September, 1998. Thus, the first amended complaint modifies the claim originally made by plaintiff, and adds interest claims arising from additional taxes and periods, alleged to have been paid by a different taxpayer.

The amended complaint is thus not a minor modification of the original allegations, but is instead an entirely new series of claims, in some ways more extensive and complex than those set out in the original complaint. On the day the amended complaint was filed, defendant's attorneys forwarded a copy to the Office of Chief Counsel, Internal Revenue Service, along with a request to assemble the relevant files, and to prepare a written recommendation respecting the legal position that the Government should adopt with respect to the new matters raised in the amended complaint. Without the relevant administrative files, and the legal recommendation of the Chief Counsel, it is impossible to draft a meaningful response to the complaint.

In our motion filed October 23, we explained that we had been in touch with the attorneys at the Office of Chief Counsel who are responsible for this case. They had secured the files they believed to be relevant, and had ordered that certain computations be undertaken to permit us to understand and respond to plaintiff's claims in the amended complaint. Those computations were completed by the end of December. Upon reviewing them, however, the technicians at the Internal Revenue Service observed that their results differed so fundamentally from those implied by the Complaint that it seemed likely that some material mistake of fact existed. Accordingly, we requested that plaintiff provide us with copies of the computations upon which they relied to prepare the Complaint. This was promptly done, and the computations were provided to the

Chief Counsel and the Internal Revenue Service in mid-January. We have been advised that review of the taxpayer's computations, and comparison of them to the computations performed by the Internal Revenue Service (and to current transcripts of account) has raised questions which will require additional evaluation and further computations. Defendant's trial attorney has been assured by both the attorneys responsible for this case at the Office of Chief Counsel, as well as the individuals at the Internal Revenue Service who have been working on this case, that the time requested herein is sufficient to permit them to complete their work and provide their advice and recommendations to the Department of Justice.

The additional period requested herein is therefore necessary for the Chief Counsel's attorneys and Internal Revenue Service personnel to complete their work and to prepare their advice respecting plaintiff's new allegations, and for defendant's attorneys to receive and review that information, and to draft a response to the Complaint as amended.

We are authorized to state that counsel for plaintiff has no objection to this motion.

WHEREFORE, defendant prays its motion be granted.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN FRAHM
*Assistant Chief, Court of Federal Claims Section*

February 5, 2007

s/ Steven Frahm
Of Counsel