**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HALLIBURTON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-68 T** |
| **v.** | ) | **The Honorable Eric G. Bruggink** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant the United States, by way of Answer to the First Amended Complaint in the above-captioned case, respectfully denies each and every allegation contained therein not explicitly admitted below.

Defendant further:

1. Admits that the first sentence of paragraph 1 presents an accurate recital of plaintiff's claim, except avers that the allegation that plaintiff is entitled to recover is a legal conclusion, to which no response is required. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 1.

2. Avers that jurisdiction, if it exists, is by virtue of 28 U.S.C. § 1491.

3. Admits the allegations contained in paragraph 3

4. Admits the allegations contained in paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5, except avers that the allegation of timely filing is a legal conclusion, to which no response is required. Admits the allegations contained in the second sentence of paragraph 5, except avers that the name and address on the return were as follows:

Halliburton Energy Service, Inc.
P.O. Box 42806
Houston, TX 77242-2806
Taxpayer Identification Number 73-0271280

6. Admits the allegations contained in the first sentence of paragraph 6. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. Avers that the allegations contained in paragraph 8 are legal conclusions, to which no response is required.

9. Avers that the allegations contained in paragraph 9 are legal conclusions, to which no response is required.

10. Admits the allegations contained in paragraph 10.

11. Restates its responses to paragraphs 1 through 10, as set out above.

12. Admits the allegations contained in the first sentence of paragraph 12, except avers that the allegation of timely filing is a legal conclusion, to which no response is required.

Admits the allegations contained in the second sentence of paragraph 12, except avers that the name and address on the return were as follows:

Halliburton Energy Service, Inc.
P.O. Box 42806
Houston, TX 77242-2806
Taxpayer Identification Number 73-0271280

13. Admits the allegations contained in the first sentence of paragraph 13. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14, except avers that the refund was in the amount of $33,523,038.

15. Avers that the allegations contained in paragraph 15 are legal conclusions, to which no response is required.

16. Avers that the allegations contained in paragraph 16 are legal conclusions, to which no response is required.

17. Admits the allegations contained in paragraph 17.

18. Restates its responses to paragraphs 1 through 17, as set out above.

19. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20, except avers that the allegation of timely filing is a legal conclusion, to which no response is required. Avers that the name, address and identification number of the taxpayer appearing on the return for 1992/10 were as follows:

DII Industries LLC
c/o Tax Dept.
P.O. Box 42806
Houston, TX 77242-2806
Taxpayer Identification Number 75-0813641

21. Admits the allegations contained in the first sentence of paragraph 21, except avers that the allegation of timely filing is a legal conclusion, to which no response is required. Avers that the name, address and identification number of the taxpayer appearing on the return for 1997/10 were as follows:

DII Industries LLC
c/o Tax Dept.
P.O. Box 42806
Houston, TX 77242-2806
Taxpayer Identification Number 75-0813641

22. Admits the allegations contained in the first sentence of paragraph 22, except avers that the allegation of timely filing is a legal conclusion, to which no response is required. Avers that the name, address and identification number of the taxpayer appearing on the return for 1998/09 were as follows:

DII Industries LLC
c/o Tax Dept.
P.O. Box 42806
Houston, TX 77242-2806
Taxpayer Identification Number 75-0813641

23. Admits the allegations contained in paragraph 23.

24. - 32. Admits the allegations contained in paragraphs 24 through 32, except avers that the allegations of timely filing are legal conclusions, to which no response is required.

33. Admits the allegations contained in paragraph 33, except avers that the assessments were made against Halliburton Energy Services, Inc., Taxpayer Identification

Number 73-0271280.

34. - 35. Avers that the allegations contained in paragraphs 34 and 35 are legal conclusions, to which no response is required.

36. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 36.

WHEREFORE, defendant prays the First Amended Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN FRAHM
*Assistant Chief, Court of Federal Claims Section*

May 7, 2007

s/ Steven Frahm
Of Counsel