**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HALLIBURTON COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-68 T** |
| **v.** | ) | **The Honorable Eric G. Bruggink** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

Plaintiff, Halliburton Company, on behalf of itself and Defendant[1] in the above-captioned case, pursuant to the Order of November 16, 2007, respectfully provides the Court with the following report respecting the status of this case and sets forth proposals for further proceedings in this case.

As the Court is aware, plaintiff in this case seeks the benefits of so-called "net-rate zero interest netting," as provided in IRC § 6621(d). That section commands that, where a taxpayer has "overlapping periods of tax overpayments and underpayments," the net interest rate paid should be zero. Absent § 6621(d), tax underpayments bear interest at a higher rate than tax

1 While this document has been prepared and executed only by plaintiff, it was reviewed and approved by defendant's counsel as a joint filing.

overpayments. While simple in concept, the section can be dauntingly complex in application. It is necessary not only to match overpayments and underpayments by amount and by period, but by taxpayer. In the instant case, due in part to the complexity of plaintiff's corporate structure, and in large part due to a series of corporate acquisitions and reorganizations, the identification and rationalization of this information has been difficult.

Last September, the Government requested that plaintiff collect information what would assist the parties in sorting out these matters. That task proved more difficult and time-consuming than counsel anticipated. The information was provided to the Government at the end of December. It will be necessary for both the Government's attorneys and the Internal Revenue Service to review and evaluate this information. Counsel for the parties anticipate that parts of plaintiff's claim are susceptible of disposition by agreement. Counsel are confident that any portions of plaintiff's claim that cannot ultimately be resolved by agreement can be presented to the Court on agreed facts.

Accordingly, the parties request that they be permitted to continue to review the information plaintiff has gathered, and work toward resolving and simplifying the issues presented. We propose that we file another status report, recommending further proceedings, in 90 days, on or before April 17, 2008.

Respectfully submitted,

January 18, 2008

s/Joseph M. Persinger
JOSEPH M. PERSINGER
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
jpersinger@milbank.com
(212) 530-5000

Attorney for Plaintiff

January 18, 2008

s/ W.C. Rapp
W.C. RAPP
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044
Voice: (202) 307-0503
Fax: (202) 514-9440
jwilliam.c.rapp2@usdoj.gov

January 18, 2008

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY ABATE
Assistant Chief, Court of Federal Claims Section

January 18, 2008

s/ MARY ABATE
Of Counsel

Attorneys for Defendant