**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HALLIBURTON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-68 T** |
| **v.** | ) | **The Honorable Eric G. Bruggink** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

Pursuant to the Order of April 23, 2008, the parties respectfully provide the Court with the following report respecting the status of this case, and setting forth their proposal for further proceedings.

As the Court is aware, plaintiff seeks the benefits of so-called "net-rate zero interest netting," as provided in IRC § 6621(d). That section requires that, when a taxpayer has "overlapping periods of tax overpayments and underpayments," the net interest rate paid should be zero. Absent § 6621(d), tax underpayments bear interest at a higher rate than tax overpayments. While simple in concept, the section can be very difficult to apply in complex factual circumstances. It is necessary to match overpayments and underpayments not only by amount and by period, but by taxpayer.

In the instant case, the result in part of the complexity of plaintiff's corporate structure, and in large part the result of a series of corporate acquisitions and reorganizations, the identification and rationalization of this information has been difficult. Last September (2007),

the Government requested that plaintiff collect information that would assist the parties in sorting out these matters. That task proved more difficult and time consuming than counsel anticipated. The information was provided to the Government at the end of December, 2007. That information was immediately forwarded to the District Counsel, Internal Revenue Service, assigned to this case. The District Counsel's analysis of the data has been completed, and that office's draft recommendation has been sent to the Office of Chief Counsel, Internal Revenue Service, for review, in light of the complexity, importance, and novelty of the legal questions presented. During the past two weeks, defendant's counsel has been in contact with both the District Counsel attorney responsible for the draft recommendation, as well as with the attorneys in the IRS's National Office who are reviewing that recommendation.

Counsel for the parties anticipate that, at the least, parts of plaintiff's claim will be susceptible of disposition by agreement. Counsel are confident that any portions of plaintiff's claim that cannot ultimately be resolved by agreement can be presented to the Court on agreed facts.

For the foregoing reasons, the parties suggest that they be required to submit a joint status report on or before August 17, 2008, recommending further proceedings.

Respectfully submitted,

s/ Joseph M. Persinger

JOSEPH M. PERSINGER
*Attorney of Record*
*Milbank, Tweed, Hadley & McCloy LLP*
*One Chase Manhattan Plaza*
*New York, New York 10005*
*Voice: (212) 530-5000*
*Fax: (212) 530-5219*
*Email: jpersinger@milbank.com*

Attorney for Plaintiff

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

June 17, 2008

s/ Mary M. Abate

Of Counsel

Attorneys for Defendant